| | | | |
|---|---|---|---|
| | AUSA: | Louis F. Meizlish | Telephone: (313) 980-2682 |
| AO 91 (Rev. 11/11) Criminal Complaint | Officer: | Jason Messenger | Telephone: (734) 676-2972 |

# UNITED STATES DISTRICT COURT
### for the
## Eastern District of Michigan

United States of America
  v.
Jorge Luis COL-ESCOBAR

Case No.

Case: 2:25−mj−30690
Assigned To : Unassigned
Assign. Date : 11/12/2025
Description: CMP USA V.
COL−ESCOBAR (DJ)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 11, 2025 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_Jason Messenger, Border Patrol Agent_
_U.S. Department of Homeland Security_

_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: ____ November 12, 2025 ____

_____
*Judge's signature*

City and state:  Detroit, MI _____

Kimberly Altman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jason A. Messenger, declare the following under penalty of perjury:

1.     I am an agent with the U.S. Department of Homeland Security, U.S. Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Jorge Luis COL-ESCOBAR, a native and citizen of Guatemala.

2.     This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for COL-ESCOBAR, for a violation of 8 U.S.C. § 1326, unlawful re-entry following removal. I have not included every fact known to law enforcement related to this investigation.

3.     On or about Aug. 6, 2015, Border Patrol agents encountered COL-ESCOBAR, a Guatemalan citizen, in or near Cowlic, Ariz. Agents processed COL-ESCOBAR as an expedited removal (I-860) and issued him A# XXX XXX 566.

4.      On or about August 25, 2015, U.S. Immigration and

Customs Enforcement officers removed COL-ESCOBAR from the

United States via Phoenix, Ariz., to Guatemala.

5.      On or about Nov. 11, 2025, the Van Buren Township Police

Department contacted the Border Patrol requesting assistance

identifying COL-ESCOBAR, who officers encountered during a traffic

stop near the intersection of Rawsonville Road and the I-94 service

drive in Van Buren, in the Eastern District of Michigan.

6.      After arriving at the scene, a Border Patrol agent identified

himself and conducted an immigration inspection. The agent

determined that COL-ESCOBAR had unlawfully reentered the United

States at a time and place other than as designated by the secretary of

homeland security. After determining that COL-ESCOBAR was an

individual who illegally entered the United States, the agent arrested

COL-ESCOBAR and transported him to the Gibraltar Border Patrol

Station for further processing. Van Buren police issued COL-ESCOBAR

a ticket (XXXXXX262) for traffic offenses.

7.      While at the Gibraltar station, agents captured COL-

ESCOBAR's fingerprints and photograph and entered this information

into the Automated Biometric Identification System (IDENT) and the

Next Generation Identification (NGI). The results confirmed that COL-

ESCOBAR is a citizen of Guatemala, with no record of obtaining

permission to re-enter the United States following his Aug. 25, 2015,

removal.

8.     The aforementioned arrest and subsequent detention was an

administrative, non-criminal action made pursuant to the authority

found in sections 1357, 1225, 1226, and/or 1231 of Title 8, U.S. Code, to

arrest and detain any alien entering or attempting to enter the United

States, or any alien present in the United States, who is reasonably

believed to be in violation of any law or regulation regulating the

admission, exclusion, expulsion, or removal of aliens.

9.     Review of the Alien File (A# XXX XXX 566) for COL-

ESCOBAR, and queries in Department of Homeland Security databases

confirm no record exists of COL-ESCOBAR obtaining permission from

the attorney general or the secretary of homeland security to re-apply

for admission to the United States after his removal from the United

States on Aug. 25, 2015.

10.     Based on the above information, there is probable cause to conclude that Jorge Luis COL-ESCOBAR is a native and citizen of Guatemala who committed the offense of unlawful reentry following removal from the United States in violation of Title 8, United States Code, Section 1326(a).


_____
Jason Messenger, Border Patrol Agent
U.S. Department of Homeland Security


Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Kimberly Altman
United States Magistrate Judge

November 12, 2025